## Commonwealth *v.* Mill Creek Coal Co., Appellant.

*Taxation—Corporations—Classification—Act of June* 8, 1891—*Art.* 9, § 1, *Const.*

The act of June 8, 1891, P. L. 238, making the capital stock of corporations a distinct class of investments for the purposes of taxation does not violate article 9, § 1, of the constitution, as to uniformity of taxation.

Submitted on paper books, June 2, 1892. Appeal, No. 35, May T., 1893, by defendant, from judgment of C. P. Dauphin Co., June T, 1893, No. 155, for commonwealth, on appeal from tax settlement. Before Sterrett, C. J., Green, Williams, Mitchell, Dean and Thompson, JJ.

Appeal from tax settlement. Before Simonton, P. J.

The case was tried by the court without a jury, the facts being found as follows :

" The defendant is a corporation of the state of Pennsylvania, having an authorized capital of $100,000, which was appraised by its officers for taxation for the year ending first Monday of November, 1892, at $200,000, upon which tax was charged in the settlement made by the auditor general and state treasurer January 19, 1893, at the rate of five mills, amounting to $1,000. Defendant has paid $800, being four fifths of the amount charged against it in said settlement; and claiming this as a payment in full of the amount of tax legally due from it, has appealed from the settlement with respect to the balance of the amount charged therein, for the following reasons :

" 1. Because the tax on capital stock is a property tax, and appellant claims that it is only liable to the payment of a tax of four mills on the appraised value of its capital stock, under the act of June 8, 1891, and cannot lawfully be taxed five mills upon the value thereof, because said tax, to the extent of one mill, or one fifth thereof, is void for want of uniformity un-

der article 9, section 1, of the constitution of Pennsylvania, which provides that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and the state tax upon the same class of subjects is, by the said act of June 8, 1891, fixed at four mills upon the valuation thereof.

" 2. Because appellant claims for the same reasons that the imposition of a tax of five mills instead of four mills on the appraised valuation of its capital stock under said act of June 8, 1891, is void, because it deprives appellant 'of equal protection of the laws,' as intended by the 14th amendment to the constitution of the United States, and that excess of taxation is also void because its exaction does not constitute 'due process of the law,' and is contrary to the 'law of the land,' as intended by the constitution of the United States.

" In Commonwealth v. Germania Brewing Co., 145 Pa. 83, it was clearly shown, in an opinion of this court, delivered by Judge McPherson, and adopted by the Supreme Court, that the requirement of the constitution that all taxes shall be uniform on the same class of subjects is more than complied with if we consider the capital stock of the corporations named in § 21 of the act of June 8, 1891, under which the settlement in this case was made, or the corporations therein named, as a separate class, and classification may be carried to a much greater length than is necessary for the purpose of sustaining the tax in question in this case, as will be seen by reference to the cases there cited. The taxation of the capital stock of these corporations at a different rate from the taxation of the personal property of individuals does not result in the want of uniformity forbidden by the constitution. While it is true that the capital stock of corporations represents their property, it is not identical with it, and cannot in any real sense be said to belong to the same class of subjects as the personal property of individuals.

" If the act imposing this tax be, as we have seen, in accordance with the requirements of the constitution of this commonwealth, we are unable to see how it can conflict with the constitution of the United States, and do not consider it necessary to discuss the second specification of objection."

The court entered judgment for the full amount of tax claimed. Defendant appealed.

*Errors assigned* were (1–3) entry of judgment, and not holding tax void under constitution of the state and United States.

*John F. Lewis* and *James W. M. Newlin,* for appellant, cited: Com. v. Germania Brewing Co., 145 Pa. 83 ; Fox's Ap., 112 Pa. 353 ; Com. v. Standard Oil Co., 101 Pa. 119 ; San Mateo Co. v. Southern Pacific R. R., 13 Fed. R. 150.

*James A. Stranahan,* deputy attorney general, and *W. U. Hensel,* attorney general, for the commonwealth, cited: Fox's Ap., 112 Pa. 335 ; Fidelity Ins. & Safe Deposit Co., 139 Pa. 612 ; Com. v. Brewing Co., 145 Pa. 85 ; Com. v. Delaware Div. Canal Co., 123 Pa. 594.

OPINION BY MR. JUSTICE WILLIAMS, October 2, 1893 :

The appellant in this case is not a manufacturing but a mining company. It rests its appeal on the constitutionality of the act of 1889, and particularly on its classification of the capital stocks of corporations as a distinct class of investments for purposes of taxation. This question was raised in Commonwealth v. National Oil Company, Limited [the preceding case], heard and disposed of at the present term.

In that case we distinctly declined to reopen it. It is well settled by a line of cases. We recognize the difficulty complained of, the want of exact uniformity in the distribution of the burdens of taxation, but substantial uniformity is all that is required by the constitution or attainable in practice. This is reached by the acts of 1885 and 1889.

The assignments of error are not sustained and the judgment is affirmed.